UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM A. CRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-574 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

William A. Craft is attempting to challenge his guilty plea and 6 year sentence for child molesting by the St. Joseph Superior Court on March 28, 2001, under cause number 71D03-0007-CF-295. Habeas Corpus petitions are subject to a strict one year statute of limitations.[1] There are four possible dates from which the limitation period can begin to run. Question 9 asked Craft to explain why the petition is timely, but he left the answer blank. Nevertheless, nothing in this petition indicates that State action impeded Craft from filing a habeas corpus petition sooner or

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides that:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Thus the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of time to pursue direct review.

Here, Craft did not take a direct appeal and the time for doing so expired April 27, 2001. *See* Ind. R. App. P. 9.A.(1). The deadline for filing a habeas corpus petition expired a year later on April 29, 2002. Craft did not sign this habeas corpus petition until June 2017 and it is more than fifteen years late. Therefore this petition must be dismissed as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Thus there is no basis for encouraging him to proceed further. Therefore a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED:  July 27, 2017

                                                /s/ JON E. DEGUILIO  
                                        Judge  
                                        United States District Judge